Kerry E. Connolly (KC5614)
The Law Office of Kerry E. Connolly, Esq.
One Battery Park Plaza, 32nd Floor
New York, NY  10004
(212) 372-7333 - telephone
(917) 591-4858 – facsimile
kconnolly@connollylaw.us.com
kerry.connolly@gmail.com

Attorney for Plaintiffs Tina Magnuson,
  Allen Kelman, Erica Zolberg, KZ
  Video Consultants, Inc., Jeffrey Pearl,
  Lyn Noland, Michael Grimes,
  Matthew Randazzo, Robert A. DelRusso,
  David A. Smith, Michael Appel,
  Diana M. Barton, Sylvia Davis, Garth Michael

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x

| | | |
|---|---|---|
| TINA MAGNUSON, ALLEN KELMAN, | : | 10 Civ. 6211 (RJH) |
| ERICA ZOLBERG, KZ VIDEO | | |
| CONSULTANTS, INC., | : | DECLARATION OF |
| JEFFREY PEARL, LYN NOLAND, | | KERRY E. CONNOLLY, ESQ. |
| MICHAEL GRIMES, MATTHEW | : | IN SUPPORT OF |
| RANDAZZO, ROBERT A. DELRUSSO, | | PLAINTIFFS' MOTION |
| DAVID A. SMITH, MICHAEL APPEL, | : | FOR AN ATTACHMENT |
| DIANA M. BARTON, SYLVIA DAVIS, | | |
| GARTH MICHAEL AND BRYAN | : | |
| LESKOWICZ *for themselves and on* | | |
| *behalf of those similarly situated,* | : | |
| Plaintiffs, | | |
| | : | |
| -against- | | |
| | : | |
| ALLEN NEWMAN, MATTHEW | | |
| WEINER, GREGORY MARQUETTE, | : | |
| STAGE PRESENCE INCORPORATED, | | |
| "ABC CORP." D/B/A CHUNG KING | : | |
| FILMED ENTERTAINMENT and | | |
| ONE FROM EACH ISLAND, LTD., | : | |
| Defendants. | | |

-----------------------------------------------------x

I, Kerry E. Connolly, Esq., make the following declaration, under the penalty of perjury, pursuant to 28 U.S.C. § 1746(2):

1.    I am the attorney for Plaintiffs and the putative class members.  I respectfully submit this Declaration in support of Plaintiffs' motion, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 64, for an attachment of the shares in the cooperative corporation, Fairmont Tenants Corp., appurtenant to apartment 6H-5H, in the building located at 401 East 86th Street, New York, New York (the "Co-op"), and the proprietary lease for the Co-op.  The Co-op is owned by defendant Allen Newman who resides in Anguilla, BWI.

2.    While the need for an attachment is urgent, this application is not being made *ex parte* because the property to be attached is not capable of being transferred overnight. The Co-op cannot be transferred without, at least, the approval of the board of the cooperative corporation.  Therefore, a hearing on this application within a short time – perhaps two weeks – on notice, in the manner specified by the Court, should be sufficiently timely to protect Plaintiffs' rights.

3.    No other application for this, or any other interim relief, has been made.

4.    As demonstrated by Plaintiffs Allen Kelman ("Kelman") and Tina Magnuson ("Magnuson") in their declarations on this motion[1], defendants Allen Newman ("Newman"), Stage Presence Incorporated ("Stage Presence"), Matthew Weiner, "ABC Corp." d/b/a Chung King Filmed Entertainment, and Gregory Marquette have cheated dozens of their

---

[1]The Declaration of Allen Kelman (the "Kelman Dec.") dated August 18, 2010, and the Declaration of Tina Magnuson (the "Magnuson Dec.") dated August 16, 2010 are attached hereto.

employees out of their wages, and many others out of their goods and services, for hundreds of thousands of dollars.

5.     Plaintiffs assert claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* for these wages, the New York Labor Law, Article 6, §§ 190 *et seq.* and also assert claims for breach of contract and fraud under applicable common law.  On these claims, Plaintiffs assert that defendant Newman is personally liable, both for his own, personal commission of a fraud and as the alter ego Newman's production company, Stage Presence.  A copy of the Complaint is annexed hereto as Exhibit A.

6.     As set forth in detail in the accompanying declarations, Plaintiffs seek an attachment of Newman's only asset in New York in order to ensure that there will be sufficient assets to satisfy the judgments they are likely to obtain in this action.  Newman hired Plaintiffs through Stage Presence, fraudulently claiming to have received the necessary funding for a large television production.  After having obtained their work, labor and services on this production, Newman (and the other defendants) failed to pay them *any* wages.  Newman now denies responsibility for his fraud, and claims that Stage Presence is insolvent.  Newman has written many bad checks, and the two of which have been deposited have been returned unpaid with the notation that the reason is because the account had been "Frozen."

7.     Plaintiffs are very likely to obtain judgments against Newman but because he lives outside of the United States, Plaintiffs need the attachment to ensure that they will be able to satisfy those judgments.

8.     An attachment of the Co-op will not cause Newman any prejudice.  It is believed that Newman currently has tenants in the Co-op.  Therefore, even with the attachment

in place, Newman will continue to receive rent payments.  Moreover, even if Newman wanted to

sell or encumber the Co-op, he could do under the Court's supervision, with the proceeds paid

into Court to satisfy the judgments obtained in this case.

9.     Because the attachment is justified and no prejudice to Newman will result

therefrom, Plaintiffs request the Court to require security in the sum of $500.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on August 19, 2010.

[signature]

_____

Kerry E. Connolly