UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
TINA MAGNUSON, ALLEN KELMAN,
ERICA ZOLBERG, KZ VIDEO
CONSULTANTS, INC.,
JEFFREY PEARL, LYN NOLAND,
MICHAEL GRIMES, MATTHEW
RANDAZZO, ROBERT A. DELRUSSO,
DAVID A. SMITH, MICHAEL APPEL,
DIANA M. BARTON, SYLVIA DAVIS,
GARTH MICHAEL and BRYAN
LESKOWICZ, *for themselves and on
behalf of those similarly situated*,

Civil Action No.: 10CV6211
(JMF)

**DECLARATION
IN SUPPORT OF DEFENDANTS'
RULE 12(b)(1) MOTION TO DISMISS**

                                Plaintiffs,

                -against-

ALLEN NEWMAN, MATTHEW
WEINER, GREGORY MARQUETTE,
STAGE PRESENCE INCORPORATED,
"ABC CORP." D/B/A CHUNG KING
FILMED ENTERTAINMENT and
ONE FROM EACH ISLAND, LTD.

                                Defendants.
------------------------------------------------------X

**DAVID C. WIMS**, declares that the following is true and correct under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am admitted to practice before this Court and I am the attorney for Defendants in the instant proceeding.

2. I submit this Declaration to place before the Court documents relied upon by Defendants in support of Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).

3. The basis for my submission of the attached documents is my review of the case file, documents and records of Defendants.

1

4. Defendants attach the following documents:

    i. Defendants' May 22, 2013 Fed. R. Civ. P. 68 offer of judgment;

    ii. Proof of service of Defendants' May 22, 2013 Fed. R. Civ. P. 68 offer of judgment;

    iii. Plaintiffs' response to Defendants' May 22, 2013 Fed. R. Civ. P. 68 offer of judgment and notice of intent to make a Fed. R. Civ. P. 12 motion to dismiss.

Dated: Brooklyn, New York
September 30, 2013

_[signature]_

LAW OFFICE OF DAVID WIMS
David C. Wims, Esq. (DW-6964)
*Attorney for Defendants*
1430 Pitkin Ave., 2nd Fl.
Brooklyn, NY 11233
(646) 393-9550

**EXHIBIT 1**

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
TINA MAGNUSON, ALLEN KELMAN,
ERICA ZOLBERG, KZ VIDEO
CONSULTANTS, INC.,
JEFFREY PEARL, LYN NOLAND,
MICHAEL GRIMES, MATTHEW
RANDAZZO, ROBERT A. DELRUSSO,
DAVID A. SMITH, MICHAEL APPEL,
DIANA M. BARTON, SYLVIA DAVIS,
GARTH MICHAEL and BRYAN
LESKOWICZ, *for themselves and on
behalf of those similarly situated*,

                Civil Action No.: 10CV6211
                         (JMF)

                **OFFER OF JUDGMENT**
                (Fed. R. Civ. P. 68)

                Plaintiffs,

-against-

ALLEN NEWMAN, MATTHEW
WEINER, GREGORY MARQUETTE,
STAGE PRESENCE INCORPORATED,
"ABC CORP." D/B/A CHUNG KING
FILMED ENTERTAINMENT and
ONE FROM EACH ISLAND, LTD.

                Defendants.
-------------------------------------------------------X

**TO THE PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants, without admitting and expressly denying liability or wrongdoing of any kind, offer to allow judgment to be taken against them jointly and severally, solely on Plaintiffs' Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*, and New York Labor Law ("NYLL") § 652 minimum wage and overtime claims in this matter, in the sum of **$29,246.08, plus applicable interest**.

1

**PLEASE TAKE FURTHER NOTICE** that of this amount, $14,623.04 represents the sum of each natural person Plaintiff's FLSA and NYLL minimum wage and overtime claims, with an equal amount as liquidated damages, as delineated in the attached spreadsheet, and no amount allocated to Plaintiffs' attorneys' fees and costs. Defendants further offer to allow the Court to determine and award attorneys' fees and costs to Plaintiffs if this offer is accepted, and in the Court's opinion the circumstances and controlling law warrant such an award.

**PLEASE TAKE FURTHER NOTICE** that this offer of judgment is made pursuant to the provisions of Rule 68(a) of the Federal Rules of Civil Procedure and will be deemed withdrawn unless Plaintiffs serve a written notice of acceptance of this offer within 14 calendar days of the date of service hereof.

Dated: Brooklyn, New York
May 22, 2013

*[signature]*

LAW OFFICE OF DAVID WIMS
David C. Wims, Esq. (DW-6964)
*Attorney for Defendants*
1430 Pitkin Ave., 2nd Fl.
Brooklyn, NY 11233
(646) 393-9550

2

| Name | Regular Hours | OT Hours | Total Regular Pay | OT Pay | Total |
|---|---|---|---|---|---|
| Appel, Michael | 38 | | $ 275.50 | $ - | $ 275.50 |
| Auth, William | 32 | | $ 232.00 | $ - | $ 232.00 |
| Baraka, Weusi | 24 | | $ 174.00 | $ - | $ 174.00 |
| Barton, Diana | 36 | | $ 261.00 | $ - | $ 261.00 |
| Blake, Shawn | 24 | | $ 174.00 | $ - | $ 174.00 |
| Brooks, Crispin | 24 | | $ 174.00 | $ - | $ 174.00 |
| Cardenas, Sandra | 24 | | $ 174.00 | $ - | $ 174.00 |
| Chapman, Weusi | 24 | | $ 174.00 | $ - | $ 174.00 |
| Clark, Lisa | 32 | | $ 232.00 | $ - | $ 232.00 |
| Clarke, Elias | 24.75 | | $ 179.44 | $ - | $ 179.44 |
| Clemons, Darius | 24 | | $ 174.00 | $ - | $ 174.00 |
| Davis, Sylvia | 32 | | $ 232.00 | $ - | $ 232.00 |
| Del Russo, Robert | 24.75 | | $ 179.44 | $ - | $ 179.44 |
| Ford, Christy | 56 | | $ 406.00 | $ - | $ 406.00 |
| Garth, Michael | 32.5 | | $ 235.63 | $ - | $ 235.63 |
| Greco, Craig | 32.5 | | $ 235.63 | $ - | $ 235.63 |
| Grimes, Michael | 36 | | $ 261.00 | $ - | $ 261.00 |
| Haviland, Helene | 14 | | $ 101.50 | $ - | $ 101.50 |
| Head, Flavia | 5 | | $ 36.25 | $ - | $ 36.25 |
| Jordon, Lloyd | 32 | | $ 232.00 | $ - | $ 232.00 |
| Joseph, Brent | 40 | | $ 290.00 | $ - | $ 290.00 |
| Kasali, Sai | 16 | | $ 116.00 | $ - | $ 116.00 |
| Leskowicz, Brian | 40 | 2.5 | $ 2,600.00 | $ 243.75 | $ 2,843.75 |
| Magnuson, Tina | 160 | | $ 1,160.00 | $ - | $ 1,160.00 |
| McClurkin, Loretta | 14 | | $ 101.50 | $ - | $ 101.50 |
| Michael, Garth | 32.5 | | $ 235.63 | $ - | $ 235.63 |
| Moore, Lou | 26.5 | | $ 192.13 | $ - | $ 192.13 |
| Nash Jr., John | 14 | | $ 101.50 | $ - | $ 101.50 |
| Noland, Lyn | 24.75 | | $ 179.44 | $ - | $ 179.44 |
| O'Connell, Sean | 25.5 | | $ 184.88 | $ - | $ 184.88 |
| Pearl, Jeffrey | 40 | 3.5 | $ 2,997.60 | $ 393.44 | $ 3,391.04 |
| Randazzo, Matthew | 34 | | $ 246.50 | $ - | $ 246.50 |
| Saltzer, William | 32.5 | | $ 235.63 | $ - | $ 235.63 |
| Schwinn, Alexandra | 16 | | $ 116.00 | $ - | $ 116.00 |
| Smith, David | 24.75 | | $ 179.44 | $ - | $ 179.44 |
| Sumner, Kenya | 120 | | $ 870.00 | $ - | $ 870.00 |
| Walker, Devon | 5 | | $ 36.25 | $ - | $ 36.25 |
| | | | | | $ 14,623.04 |

**EXHIBIT 2**

**EXHIBIT 2**

## Magnuson et al v. Newman et al (SDNY)

From: **David Wims** (davidwims@hotmail.com)
Sent: Wed 5/22/13 12:35 PM
To: kerry.connolly@gmail.com (kerry.connolly@gmail.com)

1 attachment
Scan.pdf (775.9 KB)

Kerry,

Please find attached Defendants' Offer of Judgment. Thanks.

Law Office of David Wims
David C. Wims, Esq.
1430 Pitkin Ave., 2nd Floor
Brooklyn, NY 11233
(646) 393-9550
Fax (646) 393-9552
http://www.wimslaw.com
davidwims@hotmail.com

**EXHIBIT 3**

**EXHIBIT 3**

## Fwd: Magnuson v. Newman et al.

From: **Kerry Connolly** (kerry.connolly@gmail.com)   This sender is in your *safe list*.
Sent: Mon 7/08/13 12:43 PM
To:    David Wims (davidwims@hotmail.com)

David:  Please allow this email to provide notice that any Rule 12(b)(1) motion would be entirely meritless, harassing and vexatious within the meaning of 28 U.S.C. sec. 1927.  Defendants have failed to acquaint themselves with what the "regular rate" of pay is under the FLSA, despite my notice to you about this defect in the *first* Offer of Judgement, and, therefore, both of the Offers of Judgment were defective, on that basis alone.  Of course, there were other problems with the Offers of Judgment, including the fact that they listed people who are not plaintiffs in this lawsuit, who I do not represent and therefore have no authority to act on their behalf.   In addition to seeking sanctions, costs and fees under 28 USC sec. 1927, defendants' motion will be met with a motion under Rule 11, also seeking sanctions, costs and fees.

---------- Forwarded message ----------
From: **David Wims** <davidwims@hotmail.com>
Date: Fri, Apr 26, 2013 at 3:56 PM
Subject: RE: Magnuson v. Newman et al.
To: Kerry Connolly <kerry.connolly@gmail.com>


Kerry,

Please accept or reject the offer.  Thanks.


Law Office of David Wims
David C. Wims, Esq.
1430 Pitkin Ave., 2nd Floor
Brooklyn, NY 11233
(646) 393-9550
Fax (646) 393-9552
http://www.wimslaw.com
davidwims@hotmail.com


From: kerry.connolly@gmail.com
Date: Fri, 26 Apr 2013 15:44:35 -0400
Subject: Magnuson v. Newman et al.
To: davidwims@hotmail.com

David:  Thank you for the Offer of Judgment, however, it appears to include a misapprehension of what the Plaintiffs' "regular rate of pay" is. (See case excerpt below.)  It is not minimum wage, as the Offer of Judgment assumes, but rather, what each actually should have been paid, plus any time and a half.  So, for example, Mike Appel's regular rate is $80/hr x 30 hours = 2400, his overtime is $120/hr., etc.  I also do not see liquidated damages in your spreadsheet.  So, broadly speaking, the payroll amount of $88K plus the additional plaintiffs who were employees is the base amount of the "employee damages" to whom liquidated damages of $88K plus are also owed.  I will, in any event, circulate the Offer of Judgment to my clients.  If your clients are willing to pay the actual amounts owed, plus liquidated damages, Plaintiffs would need to be paid in wire transfer or bank check.  I would be willing to have the Court award the attorneys' fees, but would also require certainty of payment.

"The FLSA generally requires that an employee who works more than forty hours in a given week [**22] be paid for the excess time at a rate "not less than one and one-half times the *regular rate* at which he is employed." 29 U.S.C. § 207(a)(1) (emphasis added). The regular rate is 'all remuneration for employment paid to . . . the employee," minus certain exceptions inapplicable here. Id. at § 207(e). As the Supreme Court has explained, it is "the hourly rate actually paid the employee for the normal, non-overtime workweek," and "must reflect all payments which the parties have agreed shall be received regularly during the workweek, exclusive of overtime payments.'" *Gorman et al. v. The Consolidated Edison Corporation*, 488 F.3d 586 (2d Cir. 2007) (quoting *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424-25 (1945)).

--

Regards,
Kerry E. Connolly
(212) 372-7333
(917) 971-7788 (mobile)
(917) 591-4858 (facsimile)

This email message and any attachments are intended solely for the use of the individual or entity to which it is addressed and may contain information that is confidential or legally privileged.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution, copying or other use of this message or its attachments is strictly prohibited.  If you have received this message in error, please notify the sender immediately and permanently delete this message and attachments.

--

Regards,
Kerry E. Connolly
(212) 372-7333
(917) 971-7788 (mobile)
(917) 591-4858 (facsimile)

This email message and any attachments are intended solely for the use of the individual or entity to which it is addressed and may contain information that is confidential or legally privileged.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution, copying or

other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately and permanently delete this message and attachments.