UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
TINA MAGNUSON, et al., *for themselves and on*    :
*behalf of those similarly situated*,             :
:
Plaintiffs,    :
:
-v-                         :
:
:
ALLEN NEWMAN, et al.,                             :
:
Defendants.    :
:
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/06/2013

10 Civ. 6211 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

On September 25, 2013, the Court ruled on the parties' cross motions for summary judgment, granting both motions in part and denying both motions in part. *See Magnuson v. Newman*, No. 10 Civ. 6211 (JMF), 2013 WL 5380387 (S.D.N.Y. Sept. 25, 2013) (Docket No. 156). To the extent relevant here, the Court dismissed Plaintiffs' claims under the New York State Labor Law ("NYLL"), N.Y. Lab. Law §§ 650 *et seq.*, on the grounds that Plaintiffs' work took place out of New York State and that the NYLL provisions at issue did not apply outside of New York State. *See* 2013 WL 5380387, at *5. Additionally, the Court denied Plaintiffs' alternative request — made in a footnote — for leave to file an amended complaint bringing claims under the minimum wage and overtime laws of other states or the District of Columbia, citing, among other things, the fact that discovery had long since closed and that the case was ready for trial. *See id.* On October 10, 2013, Plaintiffs filed a motion for reconsideration of that portion of the Court's ruling on summary judgment. (Docket No. 166).

Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to "ensure the finality of decisions and to prevent the

practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *Medisim Ltd. v. BestMed LLC*, No. 10 Civ. 2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (quotation marks omitted).  A district court "has broad discretion in determining whether to grant a motion [for reconsideration]." *Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000).  Such a motion "is appropriate where 'the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Medisim*, 2012 WL 1450420, at *1 (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003)).  "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Terra Sec. ASA Konkursbo v. Citigroup, Inc.*, 820 F. Supp. 2d 558, 560 (S.D.N.Y. 2011) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).  The Rules permitting motions for reconsideration must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the [C]ourt." *United States v. Treacy*, No. 08 Cr. 0366 (RLC), 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (internal quotation marks omitted).

Measured against these standards, Plaintiffs' motion plainly fails.  The motion argues, first, that reconsideration is warranted as to at least some Plaintiffs because they did, in fact, perform work in New York State.  (Pls.' Mem. 2, 6 n.2; Reply Mem. 2, 5).  In support of that claim, Plaintiffs point to a handful of payroll records that were submitted in connection with the parties' summary judgment briefing.  (*See, e.g.*, Pls.' Mem. 6 n.2).  Plaintiffs themselves concede, however, that they did not "highlight[]" those records in their prior briefing.  (*Id.*; *see also id.* at 1-2 (conceding that their prior briefing was "far from model federal practice")).  As a

matter of fact, Plaintiffs not only failed to "highlight[]" the records upon which they now rely; they failed to note them altogether. Indeed, as the Court noted in its prior Opinion, Plaintiffs did "not dispute the fact that their work took place outside of New York," *Magnuson*, 2013 WL 5380387, at *5 — even though the issue was squarely raised by Defendants' briefing. A party cannot rely on the Court to find the proverbial needle in the haystack, let alone to appreciate that needle's legal significance; having failed to dispute the issue in their prior briefs, Plaintiffs are not now entitled to a second bite at the apple. *See also, e.g.*, *Tutor Time Learning Ctrs., LLC v. GKO Grp., Inc.*, No. 13 Civ. 2980 (JMF), 2013 WL 5637676, at *1 (citing *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998)).[1]

Next, Plaintiffs argue that the Court overlooked *Hoffman v. Parade Publications*, 15 N.Y.3d 285, 290 (2010), in which the New York Court of Appeals held that "a nonresident must plead and prove that the alleged discriminatory conduct had an impact in New York" to maintain a claim under the New York City and State Human Rights Laws. (Pls.' Mem. 5-6). But, as Plaintiffs themselves implicitly concede, *Hoffman* is not a "controlling decision[]," *Medisim*, 2012 WL 1450420, at *1 — its holding is limited to claims under the New York City and State Human Rights Laws, not the NYLL. *See* 15 N.Y.3d at 290. Additionally, Plaintiffs failed to raise *Hoffman* in their summary judgment briefing. Plaintiffs argue that their failure in that regard should be excused because *Hoffman* was made relevant only by the Court's own citation

---

[1] The same is true for Plaintiffs' argument that they had "plainly pointed out" in their summary judgment briefing "that 'several of the Plaintiffs are also New York residents.'" (Pls.' Mem. 5 (quoting Docket No. 148, at 20 n.7)). Plaintiffs made the point only in a footnote (in which they sought leave to amend their Complaint if the Court disagreed with their legal arguments), did not specify which Plaintiffs were New York residents or cite any evidence to support the point, and failed altogether to make any legal argument based on Plaintiffs' residency. That is plainly insufficient to preserve any argument on that front, let alone provide a basis for seeking reconsideration. *See, e.g.*, *Levine v. Lawrence*, No. 03 Civ. 1694 (DRH), 2005 WL 1412143, at *5 (E.D.N.Y. June 15, 2005) ("[F]ailure to adequately brief an argument constitutes waiver of that argument . . . .").

to *Kassman v. KPMG LLP*, 925 F. Supp. 2d. 453 (S.D.N.Y. 2013), a case involving the City and State antidiscrimination laws. But the question at issue in *Hoffman* — the reach of New York law — is close enough to the issue here that Plaintiffs could have, and should have, relied on it to the extent it was favorable to their position. Further, *Kassman* was not as central to this Court's holding as Plaintiffs suggest; indeed, it was not necessary to the Court's analysis or holding at all, as its citation — using a "*see also*" signal — at the end of the Court's discussion reflects.

Finally, Plaintiffs move for reconsideration of the Court's denial of their alternative request for leave to amend their Complaint to bring claims under the minimum wage and overtime laws of other states or the District of Columbia. (Pls.' Mem. 7-10). As the Court noted in its prior Opinion, however, Plaintiffs were on notice of Defendants' argument that the NYLL did not apply to them and had ample opportunity to amend their Complaint to address it. To allow them to do so now, on the eve of trial, would be prejudicial to Defendants and risk undue delay of this case, which has already been pending for over three years. *See, e.g.*, *Davis v. Conn. Cmty. Bank, N.A.*, 937 F. Supp. 2d 217, 238-39 (D. Conn. 2013) ("Courts have typically found amendments to be prejudicial in circumstances where discovery has been completed and the case is near or on the eve of trial." (citing cases)); *Berman v. Parco*, 986 F. Supp. 195, 217 (S.D.N.Y. 1997) ("Leave to amend a complaint will generally be denied when the motion to amend is filed solely in an attempt to prevent the Court from granting . . . summary judgment, particularly when the new claim could have been raised earlier." (internal quotation marks omitted)).

Nothing in Plaintiffs' motion for reconsideration calls for a different conclusion. Plaintiffs provide some explanation for why they did not seek leave to amend prior to their summary judgment brief (Pls.' Mem. 8-10), but nothing prevented Plaintiffs from providing that explanation in their original briefing. Additionally, Plaintiffs assert that no new discovery would

be required because "[t]he factual predicates of the state law claims — whether formally plead [sic] under New York, Connecticut, New Jersey, Massachusetts or District of Columbia law — are the same." (Pls.' Mem. 8, 10; *see also* Reply Mem. 6). But this claim is made in conclusory fashion; Plaintiffs make no attempt to compare the laws of the different relevant jurisdictions to show that the elements of the claims and defenses are, in fact, identical. It goes without saying that Defendants are entitled to know, on the eve of trial, which jurisdiction's laws are being invoked against them; to countenance Plaintiffs' bait and switch at this late hour, thereby depriving Defendants of the opportunity to move for summary judgment on Plaintiffs new claims and forcing them to research the laws of multiple new jurisdictions as they prepare for trial, would plainly cause Defendants prejudice.

      For the foregoing reasons, Plaintiffs' motion for reconsideration is DENIED. The Clerk of Court is directed to terminate Docket No. 166.

      SO ORDERED.

Dated: November 6, 2013  
       New York, New York

                                                       JESSE M. FURMAN  
                                                       United States District Judge