**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------X

TINA MAGNUSON, ALLEN KELMAN, ERICA ZOLBERG, KZ VIDEO CONSULTANTS, INC., JEFFREY PEARL, LYN NOLAND, MICHAEL GRIMES, MATTHEW RANDAZZO, ROBERT A. DELRUSSO, DAVID A. SMITH, MICHAEL APPEL, DIANA M. BARTON, SYLVIA DAVIS, GARTH MICHAEL and BRYAN LESKOWICZ, *for themselves and on behalf of those similarly situated,*

Civil Action No.: 10CV6211 (JMF)

Plaintiffs,

-against-

ALLEN NEWMAN, MATTHEW WEINER, GREGORY MARQUETTE, STAGE PRESENCE INCORPORATED, "ABC CORP." D/B/A CHUNG KING FILMED ENTERTAINMENT and ONE FROM EACH ISLAND, LTD.

Defendants.

---------------------------------------------------X

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES & COSTS**

**LAW OFFICE OF DAVID WIMS**
**David C. Wims, Esq. (DW-6964)**
**1430 Pitkin Avenue, 2nd Floor**
**Brooklyn, New York 11233**
**(646) 393-9550**
**Fax (646) 393-9552**

****** Served by Defendants on Plaintiffs by ECF on February 4, 2014**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------X
TINA MAGNUSON, *et al*

Plaintiffs, on behalf of themselves and others similarly situated,

-against-

ALLEN NEWMAN, *et al*

Defendants.

--------------------------------------------------X

Civil Action No.: 10CV6211 (JMF)

**MEMORANDUM OF LAW**

## PRELIMINARY STATEMENT

The instant action is before this Court on Plaintiffs' motion for attorneys' fees and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. By this motion, Plaintiffs seek $290,088.00 in attorneys' fees and $6,177.95 in costs, for a grand total of $296,265.95. Defendants oppose Plaintiffs' motion by this Memorandum of law and the attached declaration of Richard E. Hershenson.

## PROCEDURAL POSTURE

Plaintiffs brought this action for damages and declaratory relief for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206-207 and the NYLL § 652 and implementing regulations. Docket #1. Thereafter, Plaintiffs sought a writ of attachment by way of Order to Show Cause. Docket #3. That motion was denied from the Bench by Judge Holwell after a hearing. Following joinder of issue, Plaintiffs then filed a motion for partial summary judgment on certain of the causes of action. Docket #51. That motion was granted solely to the extent of the breach of contract claim in favor of Plaintiffs and against Defendant Stage Presence, Inc. only. Docket #91. Thereafter the parties conducted discovery.

The parties subsequently cross-moved for summary judgment. Docket ##131-155. On September 25, 2013, the Court granted in part and denied in part the parties' cross-motions for summary judgment, dismissing Plaintiffs' NYLL claims and denying Plaintiffs leave to amend the complaint, *inter alia*. Docket #156. Plaintiffs next moved this Court for reconsideration of the September 25, 2013 Order. Docket ##166-167. After that application was denied, the parties subsequently submitted their joint pre-trial order. Docket #182. This matter was settled on December 2, 2013. Plaintiffs now move this Court for an award of attorneys' fees.

## I. <u>LEGAL STANDARDS</u>

In the Second Circuit, awards of attorneys' fees are calculated based on the "presumptively reasonable fee" approach adopted in Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 & n.4 (2d Cir. 2008) . Under this approach, the court sets a "reasonable hourly rate," bearing in mind all the case-specific variables, and then multiplies the rate times the number of hours reasonably expended to calculate the "presumptively reasonable fee." Id. at 190; see Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC, 497 F.3d 133, 141 (2d Cir. 2007).

A reasonable hourly rate is "the rate a paying client would be willing to pay." Arbor Hill, 522 F.3d at 190. In setting this rate, a court is to consider the traditional factors enumerated in Johnson v. Georgia Highway Express. Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87, 92-93, 96 (1989): (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary-hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the

case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Arbor Hill, 522 F.3d at 186 n.3 (citing Johnson, 488 F.2d at 717-19).

The court must also bear in mind that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively," and consider that the client "might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case." Id. at 186. It may rely both on "its own knowledge of comparable rates charged by lawyers in the district," Morris v. Eversley, 343 F. Supp. 2d 234, 245 (S.D.N.Y. 2004), as well as on "evidence proffered by the parties," Farbotko v. Clinton County, 433 F.3d 204, 209 (2d Cir. 2005). "[C]urrent rates, rather than historical rates, should be applied in order to compensate for the delay in payment," LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 764 (2d Cir. 1998), and contemporaneous time records are a prerequisite to a plaintiff's recovery, see Scott v. City of New York, 626 F.3d 130, 133-34 (2d Cir. 2010).

Some of the Johnson factors "are more logically related to determining the number of hours that should be compensated, and others, such as the extent of success, might be considered in setting the number of compensable hours or in making a further adjustment after a presumptive fee has been established." Rozell v. Ross-Holst, 576 F. Supp. 2d 527, 537 n.l (S.D.N.Y. 2008). Adjustments must be made to account for "excessive, redundant or otherwise unnecessary hours." Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999). Overall, "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" Farrar v. Hobby, 506 U.S. 103, 114 (1992) (quoting Hensley v. Eckerhart, 461 U.S. 424, 436 (1983)).

## ARGUMENT

## II. DEFENDANTS TRIED TO SETTLE AT THE OUTSET & SINCE

As the attached affidavit of Defendants' former counsel Richard Hershenson demonstrates, Defendants offered Plaintiffs $75,000.00 to settle this matter in March 2011, shortly after the commencement of this litigation. However, Plaintiffs refused said offer, although it exceeded the total unpaid minimum wages, overtime wages and liquidated damages under the FLSA. In addition, in April and May 2013, Defendants made two (2) additional offers of judgment pursuant to Rule 68 of the Fed. R. Civ. P., both of which were rejected by Plaintiffs. Docket ##158-160. Again, the amounts offered both times exceeded the total unpaid minimum wages, overtime wages and liquidated damages under the FLSA. Again, the offers were rejected by Plaintiffs, likely because Plaintiffs' counsel wished to pad any attorneys' fees in this matter. Therefore, 29 U.S.C. § 216(b) and 42 U.S.C § 1988 should not govern the determination of attorneys' fees in this matter.

Some courts maintain that an unaccepted offer of complete relief alone is sufficient to moot the individual's claim. E.g., Weiss, supra, at 340; Greisz v. Household Bank (Ill.), N. A., 176 F. 3d 1012, 1015 (CA7 1999). Other courts have held that, in the face of an unaccepted offer of complete relief, district courts may "enter judgment in favor of the plaintiffs in accordance with the Defendants' Rule 68 offer of judgment." O'Brien v. Ed Donnelly Enters., Inc., 575 F. 3d 567, 575 (CA6 2009); see also McCauley v. Trans Union, *LLC*, 402 F. 3d 340, 342 (CA2 2005). Neither occurred in the instant case although Defendants thrice made offers that provided complete FLSA relief. As a result, Defendants ask this Court to find that Plaintiffs are not 'prevailing parties' for FLSA attorneys' fees purposes, or that Plaintiffs' right to attorneys' fees, if any, ended upon presentation of the first offer of judgment in 2011.

## III. A CONFLICT OF INTEREST EXISTS BETWEEN PLAINTIFFS AND THEIR COUNSEL

In response to the above mentioned offers of judgment, Plaintiffs' counsel indicated that no settlement would be had unless it was global and included all of her clients in the instant proceeding, - natural persons and corporate entities. This alone establishes a conflict of interest and merits a downward adjustment to any attorneys' fees this Court awards in this matter. Courts frown upon the unnecessary litigation of matters merely to pad attorneys' fees. See Wyant v. Allstate Indem. Co., 2009 U.S. Dist. LEXIS 111663 (W.D. Wash. Nov. 18, 2009); see also Powell v. Carey Int'l, Inc., 547 F. Supp 2d 1281, 1284 (S.D. Fla. 2008).

Plaintiffs' counsel protracted the instant litigation by failing to settle her clients' claims when presented with offers that provided complete relief under the applicable statute. This is also indicative of bad faith on the part of Plaintiffs' counsel. This matter could have been settled in 2011 or in 2013 well before the actual settlement. This would have saved the Court and the parties energy, time and money. Rather than do so, Plaintiffs' counsel chose to pursue extensive attorneys' fees by prolonging litigation that could have been reasonably settled without accrual of substantial attorneys' fees. This unprofessional conduct should not be rewarded by this Court. As such, Defendants ask this Court to deny the instant application in its entirety, or if not, substantially reduce any presumptively reasonable attorneys' fees.

## IV. COUNSEL'S RECORDS CONTAIN EXCESSIVE BILLING AND DUPLICATIVE AND VAGUE ENTRIES

Plaintiffs' attorneys' fees should also be reduced because of vague and incomplete billing records. Chambless v. Masters, Mates & Pilots Pension Plan, 1988 U.S. Dist. LEXIS 7486, at *16 (S.D.N.Y. July 21, 1988) (noting that words like "Review", "Report", "Work on Interrogatories," "Letter," "Conferring with Client," or "Indexing" are too vague to document the

hours claimed, and reducing fee award by 15% to ensure that the fee award excludes inadequately documented expenditures of time), quoting Hensley v. Eckerhart, 461 U.S. 424, 437 & n.12 (1983). The Southern District has frequently made reductions to awards for attorneys' fees when presented with vague or incomplete billing records. See, e.g., Marisol A. v. Giuliani, 111 F. Supp. 2d 381, 401 (S.D.N.Y. 2000)(15% reduction to address numerous problems with requested hours); Mr. X v. New York State Dep't of Educ., 20 F. Supp. 2d 561, 564 (S.D.N.Y. 1998) (20% reduction to account for vague, incomplete, and duplicative time entries); Meriwether v. Coughlin, 727 F. Supp. 823, 827 (S.D.N.Y. 1989) (15% reduction to account for vague billing entries).

The time records attached to the instant motion are vague and conclusory, inter alia. Further they seek compensation for some tasks which are irrelevant to the causes of action in the operative complaint. Additionally, they contain numerous words that the Southern District in Chambless, supra, indicated are not to be used. Additionally, many of the entries are excessive. For example, on July 27, 2010, Plaintiffs' counsel allegedly spent five (5) hours researching "common law causes of action: fraud, as distinguished from breach, fraud by omission, breach of contract, issuance of bad checks". Certainly an attorney of the experience and pedigree of Ms. Connolly can research those issues in less than five hours.

Further, on September 24, 2010, Plaintiffs' counsel allegedly spent 7.2 hours reviewing certain documents and drafting several affidavits. This is clearly excessive and duplicative. The same is true of counsel's alleged activities on January 27, 2011 through February 6, 2011. Counsel seeks compensation for 31 hours during this time span for "drafting, reviewing and revising motion papers". These entries occur after counsel already claimed over twenty hours on the same motion for drafting the memorandum of law. This is outrageous.

Plaintiffs' counsel also overbilled for travel. Travel time is customarily billed at half-rate. See Gonzalez v. Bratton, 147 F. Supp. 2d 180,213 n.6 (S.D.N.Y. 2001). Throughout her application, Plaintiffs' counsel seeks compensation for travel at her requested hourly rate. Granting such a request would be unprecedented.

Finally, on November 18-20, 2012, counsel has billed for 25 hours of travel and alleged work for flying to Arizona to depose Childhelp, a non-party witness. Because Defendants' wage liability under the FLSA was unaffected by information provided by Childhelp, this entire expenditure (and those similarly irrelevant) should be disallowed. The instant motion does not indicate in what way this expenditure was necessary. Because Plaintiffs' counsel overbilled for substantive work and travel, a presumption should be made that it overbilled on all work performed on this case. Therefore, Defendants respectfully request a denial of attorneys' fees in this matter, or in the alternative, a 60% reduction to Plaintiffs' reasonable attorneys' fees.

## V. PLAINTIFFS' COUNSEL'S HOURLY RATES ARE UNREASONABLE

A reasonable hourly rate is "the rate a paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008). In setting the reasonable hourly rate, the court is to consider: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Id. at 186 n. 3.

Here, the first factor is difficult to assess because of the above referenced deficiencies in counsel's billing entries. The billings are clearly excessive and improper as stated above. The second factor does not support a substantial award of fees. No novel or difficult questions of law existed in this case. It was a straight-forward wage claim seeking minimum and overtime wages under the FLSA. Nothing in the record suggest otherwise. Consequently, the third factor does not support the instant application, as the absence of novel or difficult questions supports the conclusion that an unusually high level of skill was not required to perform the legal work properly in this case. At all times relevant herein, Plaintiffs' counsel had a full caseload of other cases, so this matter did not interfere with her ability to take other cases. In fact, during the pendency of this matter, Plaintiffs' counsel adjourned appearances or deadlines to accommodate for work she needed to do on other cases.

Although Plaintiffs' counsel did not attach to its moving papers any previous award of attorneys' fees from this or any other Court, she seeks $450.00 per hour. Nothing in the record indicates that this is her customary hourly rate. Nor does counsel indicate in her moving papers whether her fee was strictly contingency or fixed. In addition, the amounts involved in this case were not great, given the number of Plaintiffs. This was a run of the mill wage case and any award of attorneys' fees should reflect that fact. Further, no reasonable client would pay anywhere close to $300,000.00 to collect approximately $30,000.00 in minimum wages, overtime and liquidated damages, which is the amount the natural persons could recover under the FLSA. The FLSA allows a prevailing party to an award of a reasonable attorneys' fee. There is nothing reasonable about Plaintiffs' requested amount.

**CONCLUSION**

For the above stated reasons, Defendants urge this Court to deny Plaintiffs' motion in its entirety and for such other and further relief as this Court deems proper.

Dated: Brooklyn, New York

February 4, 2014

LAW OFFICE OF DAVID WIMS
David C. Wims, Esq. (DW-6964)
*Attorney for Defendants*
1430 Pitkin Ave., 2nd Fl.
Brooklyn, NY 11233
(646) 393-9550