USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/31/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
TINA MAGNUSON et al., *for themselves and on behalf*                    :
    *of those similarly situated*,                                      :
                                                                        :
                                        Plaintiffs,                     :        10-CV-6211 (JMF)
                                                                        :
            -v-                                                         :        MEMORANDUM OPINION
                                                                        :        AND ORDER
ALLEN NEWMAN et al.,                                                    :
                                                                        :
                                        Defendants.                     :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiffs in this suit to recover unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), now move, after settlement on the merits, to recover attorney's fees and costs. (Docket No. 199). The facts and procedural history of the case — which are considerably more tortuous and contentious than the subject matter would seem to warrant — were set out at length in this Court's Opinion denying in part and granting in part the parties' motions for summary judgment, *see Magnuson v. Newman*, No. 10-CV-6211 (JMF), 2013 WL 5380387 (S.D.N.Y. Sept. 25, 2013), familiarity with which is assumed. For the reasons discussed below, Plaintiffs' motion for fees and costs is GRANTED in substantial part.

## LEGAL STANDARDS

      Under the FLSA, prevailing parties are entitled to an award of reasonable attorney's fees and costs. *See* 29 U.S.C. § 216(b). "Adequate compensation for attorneys who protect wage and hour rights furthers the remedial purposes of the FLSA . . . ." *Prasker v. Asia Five Eight LLC*, No. 08-CV-5811 (MGC), 2010 WL 476009, at *6 (S.D.N.Y. Jan. 6, 2010). The size of such an award is governed by the "presumptively reasonable fee" approach announced by *Arbor Hill*

*Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). Specifically, a court must consider twelve factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See id.* at 186-87 n.3.

The chief aim of the *Arbor Hill* factors is to determine "the rate a paying client would be willing to pay," mindful of the fact that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Id.* at 190. The hourly rate is most readily determined by looking to the "'prevailing [hourly rate] in the [relevant] community,'" *id.* (first alteration in original) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)), and the relevant community for cases before this Court is the Southern District of New York, *see Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983). Once the hourly rate is determined, it is multiplied by the appropriate number of hours of time reasonably expended to yield the "presumptively reasonable fee," which before *Arbor Hill* was known as the lodestar. That figure, as it its name suggests, is not final. Instead, adjustments to the presumptively reasonable fee may be appropriate given the facts of a particular case. *See Hardaway v. Ridgewood Corp.*, 706 F. Supp. 2d 436, 439 (S.D.N.Y. 2010) (concluding that "district courts should calculate the appropriate 'presumptively reasonable fee' and then consider whether to adjust the fee award for the degree of success the Plaintiff achieved"). "'[T]he most critical factor' in a district court's

determination of what constitutes reasonable attorney's fees in a given case 'is the degree of success obtained' by the plaintiff." *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)).

## DISCUSSION

Plaintiffs seek a total of $296,265.95 plus interest, a sum that represents $290,088.00 in attorney's fees and $6,177.95 in costs and disbursements. (Decl. Kerry E. Connolly, Esq. Supp. Pls.' Mot. Costs and Fees This Action (Docket No. 204) ("Connolly Decl.") ¶ 54). Defendants oppose this request on four primary grounds: (1) that they made settlement offers that would have "provided complete FLSA relief" (Defs.' Mem. Law Opp'n Pls.' Mot. Att'y's Fees & Costs (Docket No. 205) ("Defs.' Mem.") 5); (2) that Plaintiffs' counsel's representation of all Plaintiffs represented a conflict of interest, which caused them to reject settlement offers that did not encompass all of the Plaintiffs (*id.* at 6); (3) that the billing records submitted in connection with Plaintiffs' motion are duplicative and vague (*id.* at 6-8); and (4) that Plaintiffs' counsel's requested hourly rates are unreasonable (*id.* at 8-9).[1] The Court reviews each argument in turn.

**A.    Settlement Offers**

First, Defendants argue that in March 2011, they offered $75,000 to settle the litigation, and that such offer "exceeded the total unpaid minimum wages, overtime wages and liquidated damages under the FLSA." (Defs.' Mem. 5). Defendants also claim that they made offers in April and May 2013 pursuant to Rule 68 of the Federal Rules of Civil Procedure. (*Id.*). According to Defendants, those offers either render Plaintiffs non-prevailing parties or

---

[1]    Defendants also contend that Plaintiffs' requested attorney's fee is disproportional to the amount of the settlement. (Defs.' Mem. 9). That argument is meritless. *See Cowan v. Prudential Ins. Co. of Am.*, 935 F.2d 522, 526 (2d Cir. 1991) ("A presumptively correct 'lodestar' figure should not be reduced simply because a plaintiff recovered a low damage award.").

3

temporally limit Plaintiffs' right to attorney's fees to the date of the first offer of judgment. (*Id.*). But, as noted by Plaintiffs' counsel, the evidence Defendants submit to support their argument is insufficient to establish that they made any actual "offer of judgment." (*See* Aff. Opp'n Pls.' Mot Att'y's Fees & Costs (Docket No. 206) ("Hershenson Aff."), Ex. 1; *see also* Reply Decl. Kerry E. Connolly, Esq. Further Supp. This Action (Docket No. 207) ("Connolly Reply Decl.") ¶¶ 10-18). Indeed, Defendants' "offer" was for an unspecified amount, and it was explicitly conditioned on acceptance by all Plaintiffs with FLSA claims. (*Id.* ¶¶ 11-12, 15). That evidence alone is insufficient to temporally limit Plaintiff's right to attorney's fees, let alone render them non-prevailing parties for FLSA purposes. Defendants' purported authority is not to the contrary. *See McCauley v. Trans Union, LLC*, 402 F.3d 340, 341-42 (2d Cir. 2005) (declining to hold that a case was mooted when a conditional Rule 68 offer was rejected). As for the purported April and May 2013 Rule 68 offers of judgment, this Court has already rejected the argument that such offers mooted Plaintiffs' FLSA claims in an oral ruling on the record at a hearing on October 4, 2013. (*See* Minute Entry, Oct. 4, 2013). In any event, the argument remains one without merit, largely for the reasons stated by Plaintiffs' counsel. (Connolly Reply Decl. ¶¶ 27-34).

### B.     Conflicts of Interest

Defendants' second argument is that, by representing all Plaintiffs in this action, their counsel was subject to conflicts of interest. (Defs.' Mem. 6). Those conflicts of interest standing alone, Defendants argue, "merits a downward adjustment to . . . attorneys' fees." (*Id.*). Defendants' argument is elliptical, but apparently derives from the premise that "Plaintiffs' counsel indicated that no settlement would be had unless it was global." (*Id.*). Defendants cite no authority for the proposition that that position poses a conflict, let alone that it would be a

proper basis to reduce Plaintiffs' fee request. Moreover, for the reasons explained above, Defendants' purported settlement offers were for less than Plaintiffs' full claims in a number of respects; it was thus understandable that, after counsel duly relayed such offers individually to Plaintiffs, that they separately but unanimously rejected them. (Connolly Reply Decl. ¶¶ 17-18; *id.*, Ex. 1). Thus, Defendants' second argument is wholly without merit.

### C.      Hours Billed

Next, Defendants argue that the billing records supporting Plaintiffs' application are "vague and incomplete." (Defs.' Mem. 6). In particular, Defendants identify four alleged types of deficiencies with the hourly logs: (1) vagueness, including the use of disfavored catch-all terms; (2) irrelevance to the causes of action upon which Plaintiffs prevailed; (3) excessiveness given the complexity of the task listed; and (4) improper billing for travel time. (Defs.' Mem. 7-8). Accordingly, Defendants seek both an across-the-board percentage reduction of hours and the disallowance of certain time entries. (*Id.*).

Defendants' arguments are largely unpersuasive. First, to the extent Defendants challenge Plaintiffs' billing as "block billing" — that is, for time entries that "stat[e] the total daily time spent on a case, rather than separating out the time into individual entries describing specific activities," *Adusumelli v. Steiner*, Nos. 08-CV-6932 (JMF), 09-CV-4902 (JMF), 10-CV-4549 (JMF), 2013 WL 1285260, at *4 (S.D.N.Y. Mar. 28, 2013) (internal quotation marks omitted) — their argument fails. Even in cases of block billing, a practice both vaguer and more difficult to verify than the billing records Defendants challenge, across-the-board reductions are "disfavored" unless the billings are "independently unreasonable or that the block-billing was mixing together tasks that were not all compensable, or not all compensable at the same rate." *Hnot v. Willis Grp. Holdings Ltd.*, No. 01-CV-6558 (GEL), 2008 WL 1166309, at *6 (S.D.N.Y.

5

Apr. 7, 2008). Here, there is no evidence that type of block-billing — or any similarly vague billing practice — was used. (*See generally* Connolly Decl., Ex. 1 (separating out entries by employee and listing the time spent to the nearest one-tenth of an hour)).

Defendants' challenges to the relevance of counsel's efforts to Plaintiffs' FLSA claims do not provide a basis to reduce the fee request either. First, Defendants' assertion that certain depositions were not relevant to the claims in the operative complaint (Defs.' Mem. 8) is without merit. As demonstrated by the evidence submitted by Plaintiffs, the challenged depositions were directly related to the FLSA claims in this case. (Connolly Reply Decl. ¶¶ 44-48). Second, Plaintiffs themselves have reduced their fee request by fifteen percent to account for work done on behalf of non-FLSA Plaintiffs. (*See* Connolly Decl. ¶¶ 51, 54). Upon review of the records submitted in support of the motion, and the history of the case, the Court finds that that reduction is more than appropriate to account for work unrelated to Plaintiffs' FLSA claims.

Defendants are on firmer ground, however, in challenging the fees Plaintiffs' counsel seeks to recover for travel time. (Defs.' Mem. 8). "In recognition of the fact that travel time may be beneficial, but probably is not as productive as time at the office or in court, courts in the Second Circuit regularly reduce attorneys' fees by 50 percent for travel time." *Adusumelli*, 2013 WL 1285260, at *5 (internal quotation marks, citations, and ellipsis omitted); *see also, e.g.*, *Gonzalez v. Bratton*, 147 F. Supp. 2d 180, 213 n.6 (S.D.N.Y. 2001) (collecting cases). Because travel hours are not always listed separately from other hours, and because there is no indication that such hours have been reduced, the Court will reduce by half all billing entries that include travel — a total of twenty-four hours. (*See* Connolly Decl., Ex. 1, at 6, 7, 9). Accordingly, Plaintiffs' counsel's total hours are reduced by twelve.

**D.     Hourly Rates**

Finally, Defendants challenge Plaintiffs' counsel's hourly rates as unreasonable. (Defs.' Mem. 8-9). For the hours logged by lead counsel, Kerry Connolly, Plaintiffs seek $450 per hour. (Connolly Decl., Ex. 1, at 1). Connolly avers that $450 is the hourly rate she charges her clients. (Connolly Decl. ¶ 51). But Connolly also submits evidence from a 2012 FLSA case she litigated in this District in which she charged only $350 per hour for non-contingent work. (*Id.* ¶ 52; *id.*, Ex. 7 ("Our current hourly rates are: $350 for Partners . . . .")). Moreover, other judges in this District have concluded that $350 is a reasonable hourly fee for a FLSA case. *See, e.g.*, *Ibarra v. HSCS Corp.*, No. 10-CV-5109 (KBF), 2012 WL 3964735, at *3 (S.D.N.Y. Sept. 10, 2012) (reducing a requested $450 hourly rate in a FLSA case to $350); *accord Gurung v. Malhotra*, 851 F. Supp. 2d 583, 597 (S.D.N.Y. 2012) ("Courts in this District have determined in recent cases that the range of appropriate fees for experienced civil rights and employment law litigators is between $250 and $450."). In light of those cases, the evidence submitted, and Connolly's experience, the Court reduces her hourly rate to $350. The Court does the same for Frederick J. Onorato's rate, as he has the same amount of experience as Connolly (Connolly Decl. ¶¶ 4-6), and Plaintiffs seek $450 per hour for his time as well (Connolly Decl., Ex. 1, at 12). As Defendants do not challenge the hourly rates requested for law clerk ($150 per hour) or paralegal ($100 per hour) hours, and because this Court concludes that such rates are reasonable, Plaintiffs' application is granted with respect to those rates.

**E.     Costs**

Plaintiffs seek $6,177.95 in costs. (*See* Connolly Decl. ¶ 54; Mem. Law Supp. Pls.' Mot. Att'y's Fees and Costs and Order Requiring Defs. To Post Bond To Secure Payment Fees and Expenses (Docket No. 208) ("Pls.' Reply Mem.") 10-11). Defendants do not separately

challenge that request or dispute the amount sought, and an independent review of Plaintiffs' accounting leads the Court to conclude that such costs are reasonable. Plaintiffs' application for costs is therefore granted in its entirety.

## CONCLUSION

Based on the foregoing, the Court awards Plaintiffs attorney's fees as follows:

| | |
|---|---:|
| 746.4 attorney hours, at $350 per hour = | $261,240.00 |
| 67.2 law clerk hours, at $150 per hour = | $10,080 |
| 77.3 paralegal hours, at $100 per hour = | $7730.00 |
| 4.0 clerk hours, at $25 per hour = | $100.00 |
| *Subtotal =* | *$279,150.00* |
| **Total** (after fifteen-percent discount) = | **$237,277.50** |

Accordingly, Plaintiffs' motion is GRANTED in part, and they are awarded $237,277.50 in attorney's fees and $6177.95 in costs, for a total of $243,455.45.[2]

The Clerk of Court is directed to terminate Docket No. 199.

SO ORDERED.

Date: July 31, 2014
New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[2] In their motion papers, Plaintiffs ask the Court to order that Defendants post a bond in the amount of fees and costs awarded. (Pls.' Reply Mem. 11-12). But Plaintiffs cite no authority for the proposition that a bond is appropriate in these circumstances, where the case is over and an enforceable award of fees and costs has been rendered. Accordingly, the request is denied.